NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50017 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00397-PA-1 |
| v. | |
| SHOWNEE SHON SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Shownee Shon Smith appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Smith contends that the district court erred by treating U.S.S.G. § 1B1.13 as

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the applicable policy statement. While the district court appears to have treated § 1B1.13 as binding in violation of *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the district court also concluded that relief was unwarranted in light of the 18 U.S.C. § 3553(a) factors. The record belies Smith's contention that the court's conclusion regarding the § 3553(a) analysis was informed by § 1B1.13. Thus, any *Aruda* error does not warrant remand and we need not reach Smith's arguments that he demonstrated extraordinary and compelling reasons for relief. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court may deny compassionate release on the basis of the § 3553(a) factors alone).

Smith's challenges to the district court's § 3553(a) analysis are also unavailing. Though the court incorporated its § 3553(a) analysis from Smith's original sentencing, it applied the factors anew in concluding that "granting compassionate release would undermine [the] 3553 factors." Moreover, the record reflects that the court considered Smith's mitigating arguments and circumstances, including his rehabilitative efforts, and adequately explained its decision. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Finally, the district court did not abuse its discretion in concluding that relief was unwarranted, particularly in light of the seriousness of Smith's offense. *See Aruda*, 993 F.3d at 799 (stating standard of review); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical,

implausible, or not supported by the record).

**AFFIRMED.**